UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-80090-Cr-Hurley/Hopkins

18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 2318
18 U.S.C. § 2319(b)(1)
18 U.S.C. § 2320(a)
17 U.S.C. § 506(a)(1)(A)

FILED BY ___ *TM* ___
Deputy Clerk

***Jun 7, 2016***

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. WEST PALM BEA

UNITED STATES OF AMERICA,

vs.

ROBERT J. WOLFF, and
CLIFFORD ERIC LUNDGREN

Defendants,

_____/

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Trademark and Copyright

1.      The United States Patent and Trademark Office ("USPTO") is an agency of the United States that promotes the progress of science and the arts by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries.   In order to fulfill that mission, the USPTO examines and registers trademarks, and disseminates trademark information.   Through the registration of trademarks, the USPTO assists businesses in protecting their investments, promoting goods and services, and safeguarding consumers against confusion

1

and deception in the marketplace.   By disseminating trademark information, the USPTO promotes an understanding of intellectual property protection and facilitates the development and sharing of new technologies worldwide.   Registration of a producer's trademark on the USPTO's principal register gives notice to the world of the producer's exclusive right to use and to protect that trademark.

## Microsoft Corporation

2.      Microsoft Corporation ("Microsoft") is a corporation, headquartered in Redmond, Washington, that designs and sells, among other things, computer software, such as Microsoft Office and Microsoft Windows 8 Edition, Microsoft Windows 7 Edition; Microsoft Windows XP Professional Edition.

3.      Microsoft, like other software developers, has critical interests in protecting the intellectual property that its products represent.   One way in which Microsoft, like other software developers, protects its intellectual property is through the creation, and also the registration of copyrights of its software products through or by the United States Copyright Office.   Microsoft, like other software developers, also registers trademarks for its products on the principal register of the USPTO.   Microsoft has multiple registrations on the principal register of the USPTO of the mark, "MICROSOFT," for example.

4.      Microsoft's software programs are recorded electronically on magnetic diskettes and/or CD-ROMs and then packaged and distributed together with associated components that include proprietary materials such as user guides and user manuals. Each of the various components- the diskettes, the CD-ROMs, the user guides, and user manuals - as well as the packaging that contains the various components - typically bear a "MICROSOFT" mark, as registered on the USPTO principal register.

5. The purchase price for Microsoft software programs varies widely, depending upon a number of factors that include the type, power, and purpose of the software and the intended user population. For example, sophisticated and powerful network server software would be priced much higher than word processing software for a "stand alone" home computer. "Academic" versions of software for use in schools, and "reinstallation" versions of software for use by current licensees are typically sold at lower prices than is equivalent software for other users. Also the number of computers or "clients" upon which the software will be loaded and run will affect the price (the higher the number of "licensees," the higher the price).

6. Microsoft employs a variety of security techniques and tools designed to protect the integrity of its genuine products, and prevent unauthorized use. These security techniques include security features, unique labels and holograms, end user licensing agreements ("EULAs"), client access licenses ("CALs"), and Certificates of Authenticity ("COAs") that contain security features designed to thwart counterfeit duplication and assist customers in identifying genuine Microsoft software. COAs are not separately distributed from the product they are designed to authenticate.

7. The software products that Microsoft has developed, and that it markets, distributes, and licenses include Microsoft Windows 8 Edition, Microsoft Windows 7 Edition; Microsoft Windows XP ~~Professional~~ Edition. *Service Pack 2 and 3*

## The Defendants

8. ROBERT J. WOLFF resided primarily in Boca Raton, Palm Beach County, Florida, within the Southern District of Florida, and was the sole owner and operator of RJW Technologies, Inc., where he sold computer software including, but not limited to, Microsoft software.

3

9.     CLIFFORD ERIC LUNDRGREN resided at 8525 Penfield Avenue, Winnetka, California 91306, and elsewhere and created, owned and operated the following companies in the Central District of California, and elsewhere : Source Captain, LLC and ECA Network, LLC.

10.     ROBERT J. WOLFF, CLIFFORD ERIC LUNDGREN and any of the companies owned and operated by ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN were not authorized distributors of Microsoft software, were not authorized to purchase and resell reinstallation versions of Microsoft computer software, and were not authorized to relabel and repackage Microsoft software.

## COUNT 1
### (Conspiracy to Traffic in Counterfeit Goods)

11.     Paragraphs 1 through 10 of the General Allegations section of this indictment are re-alleged and incorporated as if fully set forth herein.

12.     From at least as early as in or about June 2011, through on or about October 2, 2012, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**ROBERT J. WOLFF and**
**CLIFFORD ERIC LUNDGREN,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to intentionally traffic in counterfeit goods, specifically units of Microsoft Windows XP Professional Dell Reinstallation computer software, and did knowingly use counterfeit marks on and in connection with such goods, in violation of Title 18, United States Code, Section 2320(a)(1).

4

## PURPOSE OF THE CONSPIRACY

13.     It was the purpose and object of the conspiracy for the defendants to unjustly enrich themselves by engaging in the importation and sale of counterfeit DVDs bearing counterfeit marks.

## MANNER AND MEANS OF THE CONSPIRACY

14.     The manner and means by which the defendants sought to accomplish the purpose and object of the conspiracy included, among other things, the following:

15.     During the period of the conspiracy, **ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN** ordered counterfeit DVDs from a seller in China.

16.     **CLIFFORD ERIC LUNDGREN** shipped the counterfeit DVDs by private mail carrier to **ROBERT J. WOLFF**'s residence or a residence controlled by **ROBERT J. WOLFF**.

17.     The counterfeit DVDs sold by **ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN** included counterfeit DVDs that purported to be genuine goods of Microsoft Corporation.

18.     **ROBERT J. WOLFF** and **CLIFFORD ERIC LUNDGREN** made substantial profits in excess of $10,000 through the sale of the counterfeit DVDs.

All in violation of Title 18, United States Code, Sections 2320(a) and (b)(1)(A).

## COUNT 2
### (Trafficking in Counterfeit Goods)

19.     Paragraphs 1 through 10 of the General Allegations section of this indictment are re-alleged and incorporated as if fully set forth herein.

20.     On or about September 3, 2012, in the Southern District of Florida and elsewhere, the defendants,

**ROBERT J. WOLFF and**
**CLIFFORD ERIC LUNDGREN,**

did intentionally traffic and attempt to traffic in, goods and knowingly use counterfeit marks on

and in connection with such goods, that is, units of Microsoft Windows XP ~~Professional~~ Dell

Reinstallation computer software.

All in violation of Title 18, United States Code, Sections 2320(a)(1) and (b)(1)(A) and 2.

## COUNT 3
### (Criminal Copyright Infringement)

21.     Paragraphs 1 through 10 of the General Allegations section of this indictment are

re-alleged and incorporated as if fully set forth herein.

22.     In or about June 2011 and continuing until in or about November 2013, in the

Southern District of Florida and elsewhere, the defendants,

**ROBERT J. WOLFF and**
**CLIFFORD ERIC LUNDGREN,**

did willfully infringe the copyrights of copyrighted works, that is, copyrighted computer software,

for purposes of commercial advantage and private financial gain, by the reproduction and

distribution, during a 180-day period, of ten (10) or more of the copies of one or more copyrighted

works, which had a total retail value of $2,500 or more.

All in violation of Title 17, United States Code, Section 506(a)(1)(A) and Title 18, United

States Code, Sections 2319(a) and (b)(1) and 2.

## COUNT 4
### (Trafficking in Illicit Labels)

23.     Paragraphs 1 through 10 of the General Allegations section of this indictment are

re-alleged and incorporated as if fully set forth herein.

24.     In or about June 2011 and continuing until in or about November 2013, in the Southern District of Florida and elsewhere, the defendants,

**ROBERT J. WOLFF and
CLIFFORD ERIC LUNDGREN,**

using the mail and a facility of interstate and foreign commerce, knowingly trafficked in illicit labels as that term is defined in Title 18, United States Code, Section 2318, in that ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN possessed, with the intent to transport, transfer, or otherwise dispose of, labels that were affixed to, enclosed, accompanying, and designed to be affixed to, enclosed, and accompanying a copy of copyrighted computer programs including, but not limited to Microsoft Windows 7 Dell reinstallation Edition, Microsoft Windows XP Service Pack 3 Dell reinstallation Edition, which labels are used by Microsoft, as the copyright holder, to verify identity that these computer programs and their documentation and packaging are not counterfeit and are not infringing of any copyright, and that, without the copyright owner's authorization, were distributed and intended for distribution not in connection with the copies to which such labels were intended to be affixed by the copyright owner.

All in violation of Title 18, United States Code, Sections 2318(a)(1)(A)(ii) and (c)(2)and (c)(3)(B), and 2.

## COUNTS 5-15
### (Wire Fraud)

25.     Paragraphs 1 through 10 of the General Allegations section of this indictment are re-alleged and incorporated as though fully set forth herein.

26.     From at least as early as June 2011, and continuing through on or about August 23, 2012, in the Southern District of Florida and elsewhere, the defendants,

**ROBERT J. WOLFF and**
**CLIFFORD ERIC LUNDGREN,**

did knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to

defraud and to obtain money and property by means of a materially false and fraudulent pretenses,

representations, promises, knowing that they were false and fraudulent when made, and for the

purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means

of wire communication in interstate and foreign commerce, certain writings, signs, signals,

pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFACE TO DEFRAUD

27.    It was the purpose of the scheme and artifice to defraud for the defendants to

fraudulently obtain money from purchasers of computer software by making materially false and

fraudulent pretenses, representations, promises that the counterfeit computer software they offered

for sale was genuine Microsoft computer software.

## MANNER AND MEANS

28.    The manner and means by which the defendants sought to accomplish the object

and purpose of the scheme and artifice included, among other things, the following:

a.    Between June 2011 and October of 2012, ROBERT J. WOLFF falsely

represented to customers that WOLFF was eligible to purchase and resell re-installation

versions of Microsoft computer software.

b.    Between June 2011 and October of 2012, ROBERT J. WOLFF purchased

from CLIFFORD ERIC LUNDGREN by wire transfer of funds for thousands of units of

counterfeit Microsoft Windows 7 and XP Professional versions of software.

c.    ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN altered the

8

packaging and labeling of the Microsoft computer software in order to hide the fact that the Microsoft computer software units were counterfeit.

        d.      ROBERT J. WOLFF falsely told customers of RJW Technologies, Inc. by means of e-mail and otherwise that the Microsoft computer software available for sale was the re-install retail version.

## USE OF THE WIRES

    29.    On or about the dates specified as to each count below, in the Southern District of Florida, and elsewhere, the defendants, ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises did knowing transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds as set forth in each Count below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF INTERSTATE WIRE COMMUNICATION |
|:---:|:---|:---|
| 5 | June 27, 2011 | Wire transfer of $1,000 from Wolff's Chase bank account to Lundgren's HSBC account xxxx-xxxxxx-3833 |
| 6 | July 18, 2011 | Wire transfer of $4,800 from Wolff's Chase bank account to Lundgren's HSBC account xxxx-xxxxxx-3833 |
| 7 | August 22, 2011 | Wire transfer of $15,700 from Wolff's Chase bank account to Lundgren's HSBC account xxxx-xxxxxx-3833 |
| 8 | September 26, 2011 | Wire transfer of $4,500 from Wolff's Chase bank account to Lundgren's HSBC account xxxx-xxxxxx-3833 |
| 9 | February 3, 2012 | Wire transfer of $3,300 from Wolff's Chase bank account to Lundgren's HSBC account xxxx-xxxxxx-3833 |
| 10 | February 28, 2012 | Wire transfer of $5,500 from Wolff's Chase bank account to Lundgren's HSBC account xxxx-xxxxxx-3833 |

| 11 | April 3, 2012 | Wire transfer of $1,750 from Wolff's Chase bank account to Lundgren's HSBC account xxxx-xxxxxx-3833 |
| 12 | April 10, 2012 | Wire transfer of $7,375 from Wolff's Chase bank account to Lundgren's HSBC account xxxx-xxxxxx-3833 |
| 13 | July 10, 2012 | Wire transfer of $5,508 from Wolff's Chase bank account to Lundgren's US Bank account xxxx-xxxxxx-5420 |
| 14 | August 13, 2012 | Wire transfer of $12,129.75 from Wolff's Chase bank account to Lundgren's US Bank account xxxx-xxxxxx-5420 |
| 15 | August 23, 2012 | Wire transfer of $8,475 from Wolff's Chase bank account to Lundgren's US Bank account xxxx-xxxxxx-5420 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 16-21
### (Mail Fraud)

30.     Paragraphs 1 through 10 of the General Allegations section of this indictment are re-alleged and incorporated as though fully set forth herein.

31.     From at least as early as June 2011, and continuing until in or about November 2013, in the Southern District of Florida and elsewhere, the defendants,

### ROBERT J. WOLFF, and
### CLIFFORD ERIC LUNDGREN,

did knowingly and with the intent to defraud, devise and intend to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises, were false and fraudulent when made, and knowingly caused matters and things to be delivered by the United States Postal Service and private and commercial interstate carriers according to the directions thereon, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1341.

10

## PURPOSE OF THE SCHEME AND ARTIFACE TO DEFRAUD

32.     Paragraph 27 from Counts 5 through 15 is re-alleged and incorporated by reference as though fully set forth herein as a description of the purpose of the scheme.

## MANNER AND MEANS

33.     The manner and means by which the defendants sought to accomplish the purpose of the scheme and artifice included, among other things, the following:

a.     Between September 2012 and June 2013, ROBERT J. WOLFF falsely represented to customers that WOLFF was eligible to purchase and resell re-installation versions of Microsoft computer software.

b.     Between September 2012 and June 2013, CLIFFORD ERIC LUNDGREN mailed thousands of units of counterfeit Microsoft Windows 7 and XP Professional versions of software to ROBERT J. WOLFF.

c.     ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN altered the packaging and labeling of the Microsoft computer software in order to hide the fact that the Microsoft computer software units were counterfeit.

d.     ROBERT J. WOLFF falsely told customers of RJW Technologies, Inc. by means of e-mail and otherwise that the Microsoft computer software available for sale was the re-install retail version.

## USE OF THE MAILS AND INTERSTATE CARRIERS

34.     On or about the dates specified as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants, identified below, for the purpose of executing and attempting to execute the scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises,

11

did knowingly cause to be delivered by the United States Postal Service and private and commercial interstate carriers, according to the directions thereon, the following mail matter:

| COUNTS | APPROXIMATE DATE | DESCRIPTION OF MAILING | DEFENDANT |
|---|---|---|---|
| 16 | August 5, 2011 | 5000 units MS Windows XP2 Dell software | ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN |
| 17 | August 5, 2011 | 5000 units MS Windows XP3 Dell software | ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN |
| 18 | September 3, 2012 | 1444 units MS Windows XP3 Dell software | ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN |
| 19 | September 3, 2012 | 2246 units MS Windows XP3 Dell software | ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN |
| 20 | October 29,2012 | 1600 units MS Windows XP3Dell software | CLIFFORD ERIC LUNDGREN |
| 21 | June 8, 2013 | 1400 units MS Windows XP3 Dell software | CLIFFORD ERIC LUNDGREN |

All in violation of Title 18, United States Code, Section 1341 and 2.

## FORFEITURE

34.    Upon conviction of any of the violations alleged in Counts 1, 2, 3, and 4 of this indictment, the defendants **ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN**, shall forfeit to the United States any article, the making or trafficking of which, is prohibited under Title 18, United States Code, Sections 506, 2318, 2319, or 2320, any property used or intended to be used in any manner or part to commit or facilitate the commission of such violation, and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of such violation, including, but not limited to the following:

a.    At least 27,000 compact discs/DVDs.

Pursuant to Title 18, United States Code, Section 2323.

34.    If any of the forfeitable property described in the forfeiture section of this indictment, as a result of any act or omission of the defendants,

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2323(b)(2), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 2323 and Title 21, United States Code, Section 853.

35.    Upon conviction of the violations alleged in Counts 5-15 of this indictment, the defendants **ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN** shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation.

Pursuant to Title 18, United States Code, Section 982(a)(2).

36.    If any of the forfeitable property described in the forfeiture section of this indictment, as a result of any act or omission of the defendants,

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

13

    (d)      has been substantially diminished in value; or

    (e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853.

37. Upon conviction of any of the violations alleged in Counts 16-21, defendants **ROBERT J. WOLFF and CLIFFORD ERIC LUNDGREN**, shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to a violation of the afore-stated offenses.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 981(a)(1)(C), and Title 21, United States Code, Section 853.

38. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    (a)      cannot be located upon the exercise of due diligence;

    (b)      has been transferred or sold to, or deposited with a third person;

    (c)      has been placed beyond the jurisdiction of the Court;

    (d)      has been substantially diminished in value; or

    (e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable

14

property.

All pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

LOTHROP MORRIS
ASSISTANT UNITED STATES ATTORNEY

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

ROBERT J. WOLFF, and
CLIFFORD ERIC LUNDGREN, Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

New Defendant(s)        YES _____   NO _____
Number of New Defendants _____
Total number of counts _____

Miami _____   Key West _____
FTL _____   WPB __X__   FTP _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No)      NO
    List language and/or dialect      _____

4.  This case will take    7    days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                          (Check only one)

    I     0 to 5 days        _____          Petty      _____
    II    6 to 10 days       __X____          Minor      _____
    III   11 to 20 days      _____          Misdem.    _____
    IV    21 to 60 days      _____          Felony     __X____
    V     61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No)      No
    If yes:
    Judge: _____          Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?      (Yes or No)      No

    If yes:   Magistrate Case No.      N/A
    Related Miscellaneous numbers:      _____
    Defendant(s) in federal custody as of      N/A
    Defendant(s) in state custody as of      N/A
    Rule 20 from the
    District of

Is this a potential death penalty case? (Yes or No)  ____Yes      X  No

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?      _____ Yes    __X__ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?      _____ Yes    __X__ No

_____
LOTHROP MORRIS
ASSISTANT UNITED STATES ATTORNEY
Florida Bar/Court No.  0095044

*Penalty Sheet(s) attached                                          REV.9/11/07

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:   ROBERT J. WOLFF**


**Case No**:  _____

Count  #: 1

     Conspiracy to Traffic in Counterfeit Goods

     Title 18, U.S.C. Section 2320(a)

**\* Max.Penalty**: 10 Years' Imprisonment; $2,000,000 Fine; 3 Years' Supervised Release; Restitution

Count  #: 2

     Trafficking in Counterfeit Goods

     Title 18, U.S.C. Sections 2320(a)(1) and (b)(1)(A)

**\* Max.Penalty**: 10 Years' Imprisonment; $2,000,000 Fine; 3 Years' Supervised Release; Restitution


Count  #: 3

     Criminal Copyright Infringement

     Title 17, U.S.C. Section 506(a)(1)(A) and Title 18, U.S.C. Sections 2319(a) and (b)(1)

**\* Max.Penalty**: 5 Years' Imprisonment; $250,000 Fine; 1 Year Supervised Release; Restitution


Count  #: 4

     Trafficking in Illicit Labels

     Title 18, U.S.C. Sections 2318(a)(1)(A)(ii) and (c)(2) and (c)(3)(B)

**\* Max.Penalty**: 5 Years' Imprisonment; $250,000 Fine; 1 Year Supervised Release; Restitution

Counts  #: 5-15

Wire Fraud

Title 18, U.S.C. Section 1343

**\* Max.Penalty**: 20 Years' Imprisonment; $250,000 Fine; 3 Years' Supervised Release; Restitution

Counts  #: 16-19

Mail Fraud

Title 18, U.S.C. Section 1341

**\* Max.Penalty**: 20 Years' Imprisonment; $250,000 Fine; 3 Years' Supervised Release; Restitution

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

pg. 2 of 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:   CLIFFORD ERIC LUNDGREN**

**Case No**: _____

Count  #: 1

Conspiracy to Traffic in Counterfeit Goods

Title 18, U.S.C. Section 2320(a)

**\* Max.Penalty**: 10 Years' Imprisonment; $2,000,000 Fine; 3 Years' Supervised Release; Restitution

Count  #: 2

Trafficking in Counterfeit Goods

Title 18, U.S.C. Sections 2320(a)(1) and (b)(1)(A)

**\* Max.Penalty**: 10 Years' Imprisonment; $2,000,000 Fine; 3 Years' Supervised Release; Restitution

Count  #: 3

Criminal Copyright Infringement

Title 17, U.S.C. Section 506(a)(1)(A) and Title 18, U.S.C. Sections 2319(a) and (b)(1)

**\* Max.Penalty**: 5 Years' Imprisonment; $250,000 Fine; 1 Year Supervised Release; Restitution

Count  #: 4

Trafficking in Illicit Labels

Title 18, U.S.C. Sections 2318(a)(1)(A)(ii) and (c)(2) and (c)(3)(B)

**\* Max.Penalty**: 5 Years' Imprisonment; $250,000 Fine; 1 Year Supervised Release; Restitution

pg. 1 of 2

Counts  #: 5-15

    Wire Fraud

    Title 18, U.S.C. Section 1343

**\* Max.Penalty**: 20 Years' Imprisonment; $250,000 Fine; 3 Years' Supervised Release; Restitution

Counts  #: 16-21

    Mail Fraud

    Title 18, U.S.C. Section 1341

**\* Max.Penalty**: 20 Years' Imprisonment; $250,000 Fine; 3 Years' Supervised Release; Restitution

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

pg. 2 of 2