UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80090-CR-Hurley/Hopkins

UNITED STATES OF AMERICA,

vs.

**CLIFFORD ERIC LUNDGREN,**

        Defendant,
                              /

**MOTION IN LIMINE REGARDING
EVIDENCE OF COPYRIGHT AND/OR SUGGESTION THAT
THIS MATTER IS A CIVIL RATHER THAN CRIMINAL MATTER**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and hereby respectfully moves in limine and requests that the Court issue a pre-trial ruling precluding the defendant and defendant's counsel from making, in the presence of the jury, any reference or implication, or eliciting any statement, argument, or evidence, concerning certain aspects of copyright law. First, the defendant should be precluded from arguing, suggesting, or instructing the jury that knowledge of a specific copyright is a required element of criminal copyright infringement, because this is contrary to existing law. Second, the defendant should be precluded from arguing or suggesting that copyright infringement is better handled as a civil matter than a criminal one, because this is irrelevant.

1

# I.     STATEMENT OF FACTS

Clifford Eric Lundgren was charged in a twenty-one count Indictment on June 7, 2016, with various offenses related to trafficking in counterfeit goods, criminal copyright infringement, and trafficking in illicit labels.  The Indictment is primarily based on defendant's role in manufacturing, importing, selling and profiting from fake versions of the Microsoft software.

# II.     LAW AND ARGUMENT

A. **Defense Counsel should be Precluded from Arguing or Suggesting to the Jury that Knowledge of a Copyright is a Required Element of Criminal Copyright Infringement**.

It is anticipated that the defendant is likely to argue at trial that the jury, in order to convict, must find that defendant Lundgren had specific knowledge of the copyright that he is charged with infringing.  This is not, however, what the criminal copyright infringement statute requires. Instead, the statute requires that the defendant acted willfully, which means simply that he intentionally violated a known legal duty.  There are innumerable ways to learn of a legal duty other than through discovering the registration of a copyright personally.

Whether the defendant was aware of the copyright or not, if, in the act of infringing it, he knew he was doing something illegal, he acted willfully. Consequently, the defendant should not be permitted to tell the jury that knowledge of a copyright is required for conviction.

The criminal copyright infringement statute proscribes willful infringement of a copyright:

> (1) In General—Any person who willfully infringes a copyright shall be punished as provided under Section 2319 of Title 18, if the infringement was committed—
>
> (A)   for purposes of commercial advantage or private financial gain;
>
> (B)   by the reproduction or distribution, including by electronic means, during any 180-day period, of 10 or more copies of phonorecords of one or more copyrighted works, which have a total retail value of more than $2,500 ….

17 U.S.C. § 506(a).

Further, the statute specifically provides that a conviction requires more than mere proof of intentional reproduction and distribution of copyright works—conduct in which a person could have engaged without realizing it was criminal:

> (2)   Evidence—For purposes of this subsection, evidence of reproduction or distribution of a copyrighted work, by itself, shall not be sufficient to establish willful infringement of a copyright.

*Id*.

This dovetails with judicial interpretations of willfulness. *See Cheek v. United States*, 498 U.S. 192, 200 (1991) (addressing federal tax statutes, requiring a finding of willfulness – the "voluntary intentional violation of a known legal duty"); *United States v. Montgomery*, 747 F.3d 303, 309 (5th Cir. 2014) (same).

Recently, the Ninth Circuit considered the definition of willfulness specifically in the criminal copyright infringement statute, 17 U.S.C. § 506. In *United States v.*

3

*Anderson*, 741 F.3d 938 (9th Cir. 2013), the Court, in affirming the trial court's jury instructions, which required the jury to find that the defendant knew his actions constituted "copyright infringement," stated this was more than the law requires, which in fact is only "the more generalized knowledge that [the defendant] was violating a known legal duty." *Id*. at 948.   The Court then expanded on this:

> Indeed, in analogous contexts, we have found that a specific intent requirement only required that the defendant know that his or her conduct was unlawful rather than that he or she was violating a specific statutory or regulatory provision.  *See United States v. Mousa*vi, 604 F.3d 1084, 1094 (9th Cir. 2010) ("[W]e conclude that 'willfulness' under [the International Economic Emergency Powers Act] requires the government to prove beyond a reasonable doubt that the defendant acted with knowledge 'that his conduct was unlawful,' but not that the defendant was aware of a specific licensing requirement." (citation omitted)); *United States v. Easterday*, 564 F.3d 1004, 1006 (9th Cir. 2009) ("[I]f you know that you owe taxes and you do not pay them, you have acted willfully."). The following instruction, referenced in *United States v. Cross*, 816 F.2d 297 (7th Cir. 1987), thus accurately states the law: "the wor[d] 'willfully' as used in the statute means the act was committed by a defendant voluntarily, with knowledge that it was prohibited by law, and with the purpose of violating the law, and not by mistake, accident or in good faith." *Id*. at 300 (alteration marks omitted).

*Id*. at 948 n.8.   Additionally, the Eleventh Circuit provided, in reviewing the sufficiency of the evidence presented at the trial level in an infringement of copyrights case, that "[w]illful infringement may be established from proof that the defendant consciously and actively participated in a counterfeiting enterprise with awareness of its illegality."   *United States v. Ndhlovu*, 510 Fed. Appx. 842, 847 (11th Cir. 2013).

4

Here, although the defendant is likely to argue that he did not act willfully, he should be precluded from telling the jury that willfulness requires proof that he knew he was infringing a copyright. The Government will still be required to prove that the defendant infringed a copyright and to prove the existence of the copyright itself. But if the defendant, in the act of infringing a copyright, knew he was violating the law, regardless of whether the copyright was registered or he knew of its existence, he can be adjudged guilty of criminal copyright infringement. The law requires no more, and the defendant should be precluded from suggesting to the jury that it does.

**B. This Court Should Exclude any Reference, Argument, or Suggestion that this Matter is Better Handled as a Civil Matter rather than as a Criminal Matter.**

The Government expects that the defendant will further claim that this is not a proper criminal case and instead should be pursued by the victim copyright-owners as a civil matter. This testimony is excludable under Federal Rules of Evidence 401 and 402 because it is irrelevant to the charged offenses. Rule 402 provides, in part, that "[i]rrelevant evidence is not admissible," while Rule 401 defines "relevant" as evidence that "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401, 402. Defendant's argument and any evidence or testimony that this should be a civil matter is neither relevant nor admissible.

Moreover, evidence of this sort is inadmissible under Federal Rule of Evidence 403 because it would be confusing and misleading to the jury. Federal Rule of

5

Evidence 403 permits the exclusion of otherwise relevant evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Fifth Circuit was faced with similar circumstances in *United States v. Anderson*, 933 F.2d 1261 (5th Cir. 1991). In that case, the Fifth Circuit affirmed a district court's refusal to allow defendants to introduce evidence of a parallel civil proceeding under Rule 403. It reasoned that such evidence was likely to confuse the jury and would consume undue time. *See id*. at 1276. The court added that there was no prejudice to defendants because evidence of witness bias due to financial ties had already been drawn out. *See id*.

As in *Anderson*, a jury would likely be confused by what would amount to be testimony from defense counsel that civil remedies are available to the victim. Jurors might incorrectly believe that there is something improper about a criminal case regarding intellectual property.

They might also become confused between civil and criminal systems. Accordingly, the Government respectfully requests that the Court exclude any evidence, testimony, or argument suggesting that this case is better handled as a civil matter than a criminal case. The Government further requests that the Court instruct defense counsel that they are prohibited from discussing in their opening statements, from introducing through cross-examination of the Government's

witnesses, or arguing in closing that civil remedies are available or are somehow more appropriate to resolve the matter.

## Conclusion

WHEREFORE, for the reasons outlined and described above, the Government respectfully requests that its Motion in Limine be granted and that the defendant, and his counsel be precluded from: (i) arguing, suggesting or instructing the jury that knowledge of a specific copyright is a required element of criminal copyright infringement; and (ii) arguing or suggesting that copyright infringement is better handled as a civil matter than a criminal one, because this is irrelevant.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

 s/LOTHROP MORRIS
By: LOTHROP MORRIS
ASSISTANT U.S. ATTORNEY
Florida Bar # 0095044
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
(561) 820-8711
(561) 820-8777 (FAX)
LOTHROP.MORRIS@USDOJ.GOV

## Certificate of Service

      I HEREBY CERTIFY that on January 31, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

                              S/ LOTHROP MORRIS
                              LOTHROP MORRIS
                                  ASSISTANT UNITED STATES ATTORNEY