UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80090-CR-Hurley/Hopkins

UNITED STATES OF AMERICA,

vs.

**CLIFFORD ERIC LUNDGREN,**

Defendant,
_________________________________ /

**PLEA AGREEMENT**

The United States of America and CLIFFORD ERIC LUNDGREN (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 the Indictment, which charges the defendant with conspiracy to traffic in counterfeit goods, in violation of Title 18, United States Code, Section 2320( a)(1). The defendant agrees to plead guilty to Count 3 the Indictment, which charges the defendant with criminal copyright infringement, in violation of Title 17, United States Code, Section 506(a)(1)(A) and Title 18, United States Code, Section 2319(a ) and (b)(1).

2. The defendant is aware that the sentence will be imposed by the court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on

the results of a Pre Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that the maximum penalties the court may impose under Count 1 the Indictment is up to a 10-year maximum term of imprisonment; a statutory maximum term of supervised release of 3 years; a fine of up to two million dollars ($2,000,000.00); and must order restitution. The defendant understands and acknowledges that the maximum penalties the court may impose under Count 3 the Indictment is a 5-year maximum term of imprisonment; a statutory maximum term of supervised release of 3 years; a fine of up to two hundred fifty thousand dollars ($250,000.00); and must order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant for each count to which he is pleading guilty. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty,

thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. Although not binding on the probation office or the court, the United States and the defendant further agree that if the Court determines that the applicable Sentencing Guidelines total offense level is greater than 15, the United States agrees to recommend a downward variance to total offense level 15. Under any circumstances, the Government agrees to recommend a sentence of no greater than 18 months' incarceration.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the court. The defendant understands further that any recommendation that the government

makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

## FORFEITURE

9. ~~8.~~ Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Section 2323, including the following:

a. 1,444 Microsoft Windows XP professional CD/DVDs, FPF# 2012 2870 1002 1901.

b. 12,764 Microsoft Windows 7 professional O.S. CD/DVDs, FPF# 2013 1001 0000 0501.

c. 1,638 Microsoft Windows XP CD/DVDs, 2013 5204 0000 0101.

d. 1,598 Microsoft Windows XP Service Pack 3 CDs, FPF# 2013 5204 0000 9001.

e. 1,600 Microsoft Windows XP 3 CDs, 2013 5204 0001 3701.

f. 1,400 Microsoft Windows XP Service Pack 3 CDs, 2013 5204 0001 8101.

g. 1,400 Microsoft Windows XP Service Pack 3 CDs, 2013 2713 0000 7301.

The defendant agrees that the above listed property is an article, the making or trafficking of which, is prohibited under Title 18, United States Code, Sections 2319, or 2320, is property used or intended to be used in any manner or part to commit or facilitate the commission of the violations to which the defendant is pleading guilty, or is property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of the violations to which the defendant is pleading guilty.

Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in any of the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States. Defendant further knowingly and voluntarily waives the following rights as to property subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the property by the United States; and (5) any right to appeal any order of forfeiture entered by the Court

pursuant to this plea agreement. Defendant further understands that the forfeiture of the property shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

10. ~~9~~. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 2/28/17 By: ______________________
LOTHROP MORRIS
ASSISTANT UNITED STATES ATTORNEY

Date: 2/28/17 ______________________
~~LILLY ANN SANCHEZ, ESQ~~ BRUCE REINHART
ATTORNEY FOR DEFENDANT

Date: 2/28/2017 ______________________
CLIFFORD ERIC LUNDGREN
DEFENDANT