UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-cr-80090-DTKH-2

UNITED STATE OF AMERICA,

    Plaintiff,

v.

CLIFFORD ERIC LUNDGREN,

    Defendant.

_____/

**OBJECTIONS TO PRESENTENCE REPORT**

Defendant, Clifford Eric Lundgren, by and through undersigned counsel, hereby objects to the Presentence Report as follows:

    1.    **Page 7, paragraph 19; page 7, paragraph 22; page 7, paragraph 23; page 8, Paragraph 30; page 8, paragraph 31; page 9; paragraph 33:**  The PSI incorrectly refers to the infringing item as "counterfeit Microsoft software."  This description misstates the nature of the infringing item.  The correct description is "unauthorized Dell Reinstallation disks containing a counterfeit mark."

    2.    **Page 8, paragraph 31; page 9, paragraph 33; page 10, paragraph 39:**  The infringement value of the unauthorized reinstallation disks was not $700,000.  The Court has scheduled a joint hearing to determine the value of the infringing items.

    3.    **Page 9, paragraph 34**:  The PSI states, "Microsoft appears to be the victim in this case, and restitution is still being determined."  Microsoft is not a victim for purposes of the Mandatory Victim Restitution Act of 1996 ("MVRA"), Title 18, United States Code, Section 3663A *et seq.*  The victim, if any, is Dell.

The MVRA states in pertinent part:

For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. 3663A(a)(2). As relevant here, to be entitled to restitution, a "victim" must have suffered "damage to or loss or destruction of property" that resulted in "pecuniary loss." 18 USC §3663A(c)(1)(A)(ii), (c)(1)(B); 18 U.S.C. §23232(c). If restitution is owed, the amount is "an amount equal to (i) the greater of—(I) the value of the property on the date of the damage, loss, or destruction; or (II) the value of the property on the date of sentencing, less (ii) the value (as of the date the property is returned) of any part of the property that is returned." 18 U.S.C. §3663A(b)(1)(B). The Court also must order restitution to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. §3663A(b)(4).

Even assuming Dell or Microsoft meets the statutory definition of "victim", neither is entitled to restitution because they have not suffered "damage to or loss or destruction of property", as that term is used in Section 3663A(b)(1), nor have they suffered an identifiable pecuniary loss. The infringing items in this matter were Dell Reinstallation disks that were produced with counterfeit labels. The authentic reinstallation disk is manufactured by Dell, not Microsoft. On the authentic reinstallation disk, Dell includes operating system software

{6715883:}

(Windows XP, Windows 7, etc.) that Microsoft licenses to Dell.  Dell pays Microsoft a fixed amount for the license; Microsoft does not earn additional revenue for each reinstallation disk that is sold.

The operating system on the reinstallation disk cannot be activated unless the user has separately paid Microsoft for a license to use the operating system software.  While the infringing items contained unauthorized copies of Microsoft software, the end-user could not activate that software without having paid Microsoft for the use of the software.  As such, Microsoft has not suffered any pecuniary loss and is not entitled to restitution.

The pecuniary loss to Dell, if any, would be limited to the hypothetical lost income from authentic reinstallation disks that Dell did not sell because customers purchased infringing items from Wolff.  This kind of damages is not compensable as restitution.  *See U.S. v. Dove,* 585 F.Supp.2d 865 (W.D. Va. 2008); *U.S. v. Johnson,* Case No. 07-CR-305 (E.D. Wis. May. 10, 2011) at Docket Entry 25.

Dated this 14th day of May, 2017      Respectfully submitted,

/s/ Bruce Reinhart_____
BRUCE E. REINHART, P.A.
Florida Bar Number: 10762
breinhart@brucereinhartlaw.com
250 S. Australian Avenue, Suite 1400
West Palm Beach, Florida 33401
Telephone:  561-429-8401

/s/ Lilly Ann Sanchez_____
THE LS LAW FIRM
lsanchez@thelsfirm.com
Four Seasons Tower – Suite 1200
1441 Brickell Avenue
Miami, Florida 33131
Telephone: 305-503-5503

Counsel for Clifford Eric Lundgren

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 14, 2017, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on counsel of record identified in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Bruce E. Reinhart_____
BRUCE E. REINHART