UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80090-CR-HURLEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CLIFFORD ERIC LUNDGREN,

    Defendant.

_____/

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELASE PENDING APPEAL**

**THIS CAUSE** is before the Court on Defendant Clifford Eric Lundgren's Motion to Continue Release Pending Appeal [DE 151]. Defendant filed this Motion pursuant to 18 U.S.C. §3143 (b) seeking continued release on bond pending appeal of his sentence. This Court, having fully considered the motion and supporting memorandum of law, previously denied the motion by paperless order entered July 10, 2017 [DE 152]. This written memorandum opinion and order is filed to more fully explain the basis of the Court's ruling.

**I.    Background**

On February 28, 2017, Defendant pled guilty to one count of conspiring to traffic in counterfeit goods under 18 U.S.C. § 2320(a) (1) and one count of criminal copyright infringement under 17 U.S.C. § 506(a) (1) (A) and 18 U.S.C. §§ 2319(a) and (b) (1). Mr. Lundgren then voluntarily surrendered to the Government all property subject to forfeiture under 18 U.S.C. § 2323.

On May 23, 2017, this Court sentenced Defendant to 15 months imprisonment on each Count to run concurrently for a total term of imprisonment of 15 months; a three-year period of supervised release; a mandatory assessment fee of $200.00 and a criminal fine of $50,000.00. The Court entered its Judgment accordingly on May 24, 2017 and ordered the Defendant's voluntary surrender in Los Angeles, California on July 14, 2017 [DE 129]. Defendant filed a Notice of Appeal on May 30, 2017 [DE 140], and later sought, unsuccessfully, to extend the date of his surrender [DE 149, 150]. On July 7, 2017, Defendant filed the instant motion seeking continued release from custody on bond pending appeal [DE 151].

**II. Discussion**

In moving for continued release on bond pending appeal, Defendant relies on 18 U.S.C. § 3143 (b) (1) which provides for release pending appeal if the Court finds that (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and (B) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. The burden of establishing these factors is on the convicted defendant. *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985), following *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985).

In the 18 U.S.C. § 3143 (b) context, the Eleventh Circuit defines a "substantial question" as "one of more substance than would be necessary to a finding that it was not frivolous. It is a

'close' question or one that very well could be decided the other way." *Giancola,* 754 F.2d at 901.

Here, the Defendant argues that his appeal will raise substantial issues of fact regarding the calculation of the infringement amount used to determine his sentence, and that his appeal is likely to result in a reduced sentence in light of alleged errors made in the calculation. Specifically, he contends that the Court erred by relying on the retail value of the infringed item based on the assumed existence of software that was sold with a valid software license and proper product key, while in fact, Defendant was convicted of infringing by the sale of software without a valid license and without a proper product key, a product which had limited functionality, nominal value and a 30-day operational cycle. Because the Government offered no evidence on the retail value of software sold without a license or product key, Defendant contends the Court had no basis to determine the retail value of the actually infringed item. Consequently, Defendant argues that the Court erred by adding 14 points to the Offense Level Computation for the Special Offense Characteristic, erroneously calculating an infringement amount of $700,000 (using a base value of $25 (product sold with license and product key) multiplied by 28,000 disc copies), when instead the Special Offense Characteristic upward adjustment should only have been a 4-point adjustment, resulting in a Total Offense Level (after a 2-point downward adjustment for acceptance of responsibility) to the level of 10 – not 21 as determined by the Court.

With this, Defendant contends he has a substantial likelihood of success on appeal. He argues that he will be irreparably prejudiced if he is required to begin to serve a 15-month term of imprisonment on July 14, 2017, because it is likely that a substantial portion, if not all of his

prison term, will be served before the Court of Appeals can review the briefs, hear oral argument and render its judgment.

Upon careful review of these arguments, the Court concludes that the Defendant has failed to establish that his appeal raises "substantial" questions of law or fact that are "likely" to result in one of the enumerated remedies under the statute. In reaching this conclusion, the Court observes that the Defendant makes substantially the same arguments pertaining to the appropriate loss calculations he made at time of sentencing, which were rejected by the Court, and that he does not support his current arguments regarding alleged sentencing miscalculations with relevant, controlling case law.

Because the Court finds that Defendant has not established that his appeal raises a substantial question of law or fact likely to result in a sentence that does not include imprisonment, or a term of imprisonment less than the expected duration of the appeal process, the Court need not consider whether Mr. Lundgren is likely to flee or poses a danger to the safety of any other person or the community if released.

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

Defendant Clifford Eric Lundgren's Motion for Release Pending Appeal [DE 151] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 11th day of July, 2017.

*/s/ Daniel T. K. Hurley*
United States District Judge
Southern District of Florida

cc. all counsel